UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEAL BANK USA, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 10729 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| MARCIA SWIFT and CHRISTOPHER SWIFT, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Beal Bank USA brought this suit against Marcia and Christopher Swift to recover payments due on a mortgage note. Several months earlier, Beal brought a state court action against the Swifts to foreclose on the property subject to the mortgage and to recover a personal deficiency judgment. *See Beal Bank USA v. Swift*, Case 2016 CH 593 (Cir. Ct. Kane Cnty., Ill. filed June 10, 2016) (state court complaint reproduced at Doc. 7-1). The Swifts have moved to dismiss or stay this case under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of the state court action. The motion is granted.

**Background**

In 2011, an affiliate of Beal brought a foreclosure action on the Swifts' property in state court. *See LNV Corp. v. Swift*, Case 2011 CH 2069 (Cir. Ct. Kane Cnty., Ill. filed June 2, 2011) (state court complaint reproduced at Doc. 7-2). That action was dismissed without prejudice in January 2016. Doc. 7-3 at 20.

In June 2016, Beal filed a foreclosure action in state court against the same property. Doc. 7-1. The complaint alleged that the Swifts failed to pay what they owed under the note

1

secured by the mortgage, resulting in a debt of $449,500.00 plus interest and other charges. *Id*. at 3 ¶ 3J. The complaint sought to foreclose on the property and also to collect a "personal deficiency judgment" against the Swifts for the total amount owed. *Id*. at 4 ¶ 3M, 5.

In November 2016, Beal filed the present suit in this court. Doc. 1. The complaint alleges that the Swifts failed to make payments due on the mortgage note, resulting in their owing $449,500.00 plus interest. *Id*. at ¶¶ 8, 11. As relief, Beal seeks a monetary judgment of $449,500 plus interest and other charges. *Id*. at 3.

The Swifts have moved this court to abstain in light of the pendency of the state court action. Doc. 7. At the presentment hearing, Beal suggested that the cases were not parallel under *Colorado River* because the state court action was an *in rem* action against the property, while this suit is an *in personam* action against the Swifts. When the court pointed out to Beal's counsel (who does not represent Beal in state court) that the state court complaint actually sought a personal deficiency judgment against the Swifts, counsel said "we will discuss that and thanks for bringing that to our attention." Beal then successfully moved to amend its state court complaint to remove its request for a personal deficiency judgment. Doc. 15-1 at 3; Doc 19-4.

**Discussion**

The *Colorado River* doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (quoting *Colorado River*, 424 U.S. at 818); *see also Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation … to exercise

the jurisdiction given them.'" *AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (alteration in original) (quoting *Colorado River*, 424 U.S. at 813, 817) (citation omitted). In determining whether to abstain, the court's task is "not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (internal quotation marks and emphases omitted).

The *Colorado River* analysis has two steps. First, the court asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018; *see also Caminiti*, 962 F.2d at 700. If the proceedings are not parallel, *Colorado River* abstention must be denied. *Freed*, 756 F.3d at 1018. If the proceedings are parallel, the court then must weigh ten non-exclusive factors to determine whether abstention is proper. *Ibid*.

I.  **Whether the Federal and State Cases Are Parallel**

State and federal suits need not be identical to be parallel. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011) ("[F]or *Colorado River* purposes … [p]recisely formal symmetry is unnecessary."); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences exist. However, the requirement is of parallel suits, not identical suits."). Rather, suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed*, 756 F.3d at 1019. "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510,

518 (7th Cir. 2001) (internal quotation marks omitted); *see also Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (same). "Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *Adkins*, 644 F.3d at 499 (alteration in original) (internal quotation marks omitted).

Here, there is no dispute that the parties in the state and federal cases are the same. Beal's argument against parallelism submits that the cases advance different claims and remedies: an *in personam* claim for a monetary judgment against the Swifts in the federal case, and an *in rem* claim for foreclosure against the property in the state case. Doc. 19 at 5-6. Beal's position fails for two independent reasons.

First, a party opposing abstention may not unilaterally manufacture non-parallelism. In state court, Beal initially sought a foreclosure against the property *and* a deficiency judgment against the Swifts. The complaint in this court was redundant, seeking a contract judgment against the Swifts on the note. True, a deficiency judgment against the mortgagor in a foreclosure action can occur only after a foreclosure sale—with the deficiency judgment being the difference between the amount owed and the amount for which the property is sold, *see* 735 ILCS 5/15-1508(e); 735 ILCS 5/15-1508(b)(2)—while a contract claim on the note need not await a foreclosure sale. *See LP XXVI, LLC v. Goldstein*, 811 N.E.2d 286, 290 (Ill. App. 2004) ("These remedies may be pursued consecutively or concurrently."). That distinction, however, is immaterial. A contract action on the note achieves the same ultimate remedy as a foreclosure suit yielding a foreclosure sale followed by a deficiency judgment—the bank recovers the amount owed on the note—and both actions ultimately turn on the same question—whether the mortgagors defaulted on the note. So, as it originally stood, the state court action was parallel with the federal suit. *See Freed*, 756 F.3d at 1021 ("In short, the claims in both federal cases are

4

premised upon the scheme that is now before the state court. … The cases rely on the same set of facts, present substantially similar legal issues, and involve substantially the same parties. We agree … that the federal actions are parallel to … the state court proceeding.").

It was only after this court alerted Beal's federal counsel that Beal's state court action pursued personal monetary relief against the Swifts that it quickly amended its state court complaint to drop that request for relief. Then, in its *Colorado River* response brief, Beal argued that the two actions are not parallel because the state court suit no longer seeks that monetary relief. Beal's gambit fails, for the *Colorado River* doctrine is not so naïve as to allow a party to strategically and cynically manipulate its pleadings to destroy parallelism. *See Freed*, 756 F.3d at 1020 ("The parallel nature of the actions cannot be destroyed by … repackaging the same issue under different causes of action."); *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004) (same); *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 696 (7th Cir. 1985) (affirming abstention where the alleged lack of parallelism stemmed from the federal plaintiff's choice of which parties to bring into the state case); *Freed v. Friedman*, __ F. Supp. 3d __, 2016 WL 6070357, *6 (N.D. Ill. Oct. 17, 2016) ("[A] finding that the cases are not parallel predicated on [the plaintiff's choices of whom to join] would unjustly reward strategic behavior, because [a potential defendant's] absence from the state proceedings is entirely attributable to [the plaintiff]."); *Knight v. DJK Real Estate Grp., LLC*, 2016 WL 427614, *5 (N.D. Ill. Feb. 4, 2016) ("[A party] by its unilateral choice cannot destroy parallelism.").

Even if *Colorado River* in theory allowed parties to unilaterally and intentionally engineer non-parallelism, Beal's amendment of its state court complaint failed to destroy the parallelism between the state court action and this suit. As noted, actions are parallel if "substantially the same parties are contemporaneously litigating substantially the same issues in

another forum." *Freed*, 756 F.3d at 1019. And parallelism is satisfied where "there is a substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l*, 250 F.3d at 518 (internal quotation marks omitted). Importantly, the test does not require that the relief sought be the same. *See Clark*, 376 F.3d at 687 ("Even though an additional remedy is sought in the federal action, the liability issues (which are the central legal issues) remain the same in both cases.").

Even as currently framed, the state action concerns the same central issue, involving the same parties, as the federal suit: whether the Swifts defaulted on the mortgage note. If they did, then Beal is entitled to a foreclosure judgment in the state action and to recover on the note in this suit. If Beal proves a default in the state action, there is a substantial likelihood (in fact, a virtual certainty) that it will prevail in this suit; and if Beal fails to prove a default in the state action, there is a substantial likelihood (and, again, a virtual certainty) that it will lose in this suit. Staying this case will allow that central question to be answered in the state action, which in turn will lead to a prompt resolution of this suit, as whichever party succeeds in state court may invoke preclusion principles here. That is the essence of parallelism. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) ("It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of … preclusion.").

Beal places great weight on *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584 (7th Cir. 2005), which holds that even where compulsory joinder rules require a claim to be brought in a state action or forfeited, a federal suit bringing that claim is not necessarily parallel to the state action where it was not brought. *Id*. at 592-93. *TruServ* is inapposite, as the resolution of the claims there turned on the different underlying issues: the state court case concerned a misrepresentation

6

claim by Party A against Party B, while the federal case concerned involved a debt collection claim by Party B against Party A. *Id.* at 588. Here, by contrast, the claims turn on the same underlying issue, and thus are parallel.

## II. The *Colorado River* Factors

The second step in the *Colorado River* analysis requires examining and balancing these ten non-exclusive factors:

1) whether the state has assumed jurisdiction over property;

2) the inconvenience of the federal forum;

3) the desirability of avoiding piecemeal litigation;

4) the order in which jurisdiction was obtained by the concurrent forums;

5) the source of governing law, state or federal;

6) the adequacy of state-court action to protect the federal plaintiff's rights;

7) the relative progress of state and federal proceedings;

8) the presence or absence of concurrent jurisdiction;

9) the availability of removal; and

10) the vexatious or contrived nature of the federal claim.

*Freed*, 756 F.3d at 1018. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. The court will address each factor in turn. *See Freed*, 756 F.3d at 1022 (noting that *Colorado River* abstention requires adherence to "rigorous standards," which were met where this court "carefully addressed each of the ten factors and provided sufficient explanations for its findings").

1. *Whether the State has assumed jurisdiction over property*. Because Beal initiated a foreclosure action in state court, the state court assumed jurisdiction over the Swifts' property. Beal is right that this suit seeks separate relief on the mortgage note, Doc. 19 at 6-9, but that relief is inexorably tied to the question whether the Swifts defaulted on the note secured by the property over which the state court has assumed jurisdiction. This factor thus favors abstention.

2. *The inconvenience of the federal forum*. The state court, located in Kane County, is about forty miles from the federal courthouse, and the Swifts live in Kane County. Although the federal forum is slightly more inconvenient to the Swifts than the state forum, the difference is not significant. So this factor is neutral.

3. *The desirability of avoiding piecemeal litigation*. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1988). "Dual proceedings could involve what we have called a grand waste of efforts by both the court and parties in litigating the same issues regarding the same contract in two forums at once." *Ibid.* (internal quotation marks omitted). Because the federal and state suits involve the same parties and legal issues, and because both suits turn on whether the Swifts defaulted on the mortgage note, proceeding simultaneously in both forums would ensure "duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue." *Caminiti*, 962 F.2d at 701. Simultaneous proceedings also would incent one or the other party to attempt to delay proceedings in one forum should the other forum appear more favorable. *See LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989). This factor strongly favors abstention.

4. *The order in which jurisdiction was obtained by the concurrent forums*. This factor favors abstention, as Beal filed the state action on June 10, 2016, and did not file this suit until November 18, 2016, over five months later. *See Lumen Constr.*, 780 F.2d at 697 (holding that this factor favored abstention where the state case was filed nearly five months before the federal case).

5. *The source of governing law, state or federal*. The source of the governing law here is state law, which favors abstention. *See Day*, 862 F.2d at 660 ("[A] state court's expertise in applying its own law favors a *Colorado River* stay.").

6. *The adequacy of state court action to protect the federal plaintiff's rights*. Beal contends that the state court cannot adequately protect its rights because the state court action does not entitle it to a jury trial. Doc. 19 at 13. But that is the bed Beal made; had it brought in the state court a contract claim on the note, that claim would have been triable to a jury. *See* Ill. Const. 1970, art. I, § 13; *Catania v. Local 4250/5050 of Comm'cns Workers of Am.*, 834 N.E.2d 966, 970 (Ill. App. 2005). In any event, Beal cannot assert with a straight face that *in rem* foreclosure actions fail to adequately protect its rights; banks in Beal's position file millions of those actions annually, and Beal does not even venture to explain how those actions disadvantage the banks.

Beal also contends that because it is no longer requesting a personal deficiency judgment in the state court action, the state court "will not provide [Beal] with the separate remedy that [it is] entitled to under the Note." *Id*. at 14. Again, this is a problem of Beal's own making. Beal could have persisted in its request for a personal deficiency judgment in state court, which would have been the functional equivalent of a recovery on a contract claim on the note. And Beal does not explain why it could not have included a contact claim on the note in its state court action.

In any event, where a federal claim is stayed rather than dismissed outright, the risk that a state court proceeding will not protect the federal plaintiff's rights is lessened, because if the state proceeding proves itself inadequate, the possibility of reviving the federal proceeding remains. Thus, even if Beal's arguments were persuasive, the risk to its rights would be mitigated because this court, in granting the Swifts' motion, will do so by way of a stay rather than outright dismissal. *See Freed*, 756 F.3d at 1023 ("[The plaintiff]'s substantial rights are protected by granting a stay because it allows him the possibility to revive his federal litigation depending on the outcome in state court or in the unlikely event that the state court action is inadequate."). All things considered, then, the sixth factor favors abstention.

7. *The relative progress of state and federal proceedings*. There was an "absence of any proceedings in [this court], other than the filing of the complaint, prior to the motion to [abstain]." *Colorado River*, 424 U.S. at 820. But nor has there been extensive progress in the state court action. This factor is neutral.

8. *The presence or absence of concurrent jurisdiction*. All of Beal's claims in federal court arise under Illinois law, and the Swifts undoubtedly are susceptible to suit in Illinois court, so this factor favors abstention. *Cf. Caminiti*, 962 F.2d at 702-03 (holding that the state court's lack of jurisdiction to hear a federal claim weighed against abstention).

9. *The availability of removal*. This factor recognizes the policy against a federal court's hearing claims that are closely related to non-removable state proceedings. *See Day*, 862 F.2d at 659-60. The state court action is non-removable under the forum defendant rule because diversity jurisdiction provides the only basis for removal and the Swifts (the state court defendants) are Illinois citizens. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be

removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000) (discussing the forum defendant rule). Thus, although abstention will delay or eliminate Beal's "opportunity to litigate in a federal forum—an opportunity to which it is entitled under 28 U.S.C. § 1332," *AXA Corporate Solutions*, 347 F.3d at 279, this factor favors abstention because this suit is bound up with claims in the non-removable state case. *See Day*, 862 F.2d at 660 ("[R]elated removable claims should be decided in state court along with the non-removable claims."). Had Beal wished to litigate this entire matter in federal court, it could brought under the diversity jurisdiction a suit seeking foreclosure on the property, a deficiency judgment against the Swifts, and a contract recovery on the note. Having elected not to do so, Beal cannot now complain of or escape the consequences of its choice.

10. *The vexatious or contrived nature of the federal claims*. Because Beal easily could have brought (and initially did bring) in state court its claim for monetary relief against the Swifts, the federal suit is "vexatious" and "contrived" within the meaning of *Colorado River. See Interstate Material Corp*, 847 F.2d at 1289 ("[T]he federal suit could be considered both vexatious and contrived. … [W]e see no reason why all claims and all parties could not have been … part of one suit."). Even if the federal suit were not vexatious or contrived at its inception, it surely became so when Beal, having been alerted by this court of its state court personal deficiency claim, amended its state court complaint in an unsuccessful attempt to avoid parallelism rather than proceed in one forum. This factor thus weighs in favor of abstention.

In sum, nearly all of the *Colorado River* factors favor abstention, providing the "exceptional circumstances" necessary to abstain. The only remaining question is whether this suit should be dismissed or stayed. The Seventh Circuit routinely holds that *Colorado River*

should be implemented through a stay, not dismissal. *See Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004); *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851-52 (7th Cir. 2002). Accordingly, this suit is stayed pending resolution of the state court action. When that action concludes, any party may move this court to lift the stay and proceed with the federal suit in a manner consistent with the state court's rulings and any applicable preclusion principles. *See Rogers* 58 F.3d at 302.

## Conclusion

For the foregoing reasons, the Swifts' motion to abstain under the *Colorado River* doctrine is granted, and this case is stayed pending resolution of *Beal Bank USA v. Swift*, Case 2016 CH 593 (Cir. Ct. Kane Cnty., Ill. filed June 10, 2016).

January 26, 2017

United States District Judge