# EXHIBIT B

## APPEAL TO THE APPELLATE COURT OF ILLINOIS
## SECOND DISTRICT

## FROM THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | |
|---|---|
| BEAL BANK USA,<br><br>    Plaintiff;<br><br>       vs.<br><br>Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell;  Christopher T. Swift aka Chris T. Swift aka Chris R. Swift aka Chris Swift ; Windemere Homeowners Association; Mortgage Electronic Registration Systems, Inc.; Ditech Financial LLC; The United States of America; State of Illinois, Department of Revenue; Unknown Owners and Non-Record Claimants;<br><br>    Defendants, | Appeal From the 16th Judicial Circuit Kane County, Illinois<br><br>**Circuit Court  Case No. 2016  CH  0593**<br><br>Property Address:<br> 601 Sennet Street<br> Batavia, IL 60510<br><br><br>Honorable  Kevin Busch<br>    Judge Presiding |

*Theresa Barreiro*
Clerk of the Circuit Court
Kane County, Illinois

### 3/10/2021 4:58 PM

FILED/IMAGED

### NOTICE OF APPEAL

Defendants Marcia A. Swift and Chris T. Swift, by their attorney, George H. Olsen,

The Law Office of George H. Olsen, appeals to the Appellate Court of Illinois for the Second

District from the following orders entered in this matter in the Sixteenth Judicial Circuit Court,

Kane County, Illinois:

1.   The Order entered July 29,  2020, Granting Summary Judgment of Foreclosure

and Sale;

1

**APPEAL TO THE APPELLATE COURT OF ILLINOIS
SECOND DISTRICT**

2. The Order entered February 9, 2021 Approving Report of Sale and Distribution,

   Confirming Sale, and Order of Possession; and

3. All Interlocutory orders.

By this appeal, Defendants / Appellants will ask the Appellate Court to reverse and vacate the

Order dated July 29, 2020, and the Order dated February 9, 2021, and remand this cause with

directions to vacate the Orders and for such other and further relief as the Appellate Court may

deem proper.

Respectfully submitted,

___/s/ *George H. Olsen*___
George H. Olsen
Attorney No. 2104202
Attorney for Defendants-Appellants

George H. Olsen
Law Office of George H. Olsen
PO Box 576
Flossmoor, IL 60422
golsenlaw@gmail.com

I understand that a Request for Preparation of Record on Appeal ("ROA") must be completed and
the initial ROA payment made prior to the preparation of the Record on Appeal. The Clerk's
Office will not begin preparation of the ROA until the Request form and payment are received.

__/s/ *George H. Olsen*___
George H. Olsen
Attorney No. 2104202
Attorney for Defendants-Appellants

**Exhibits**

**Orders Appealed**

July 29, 2020 Judgment of Foreclosure and Sale

Final Order of February 9, 2021 Confirming Sale

2

## APPEAL TO THE APPELLATE COURT OF ILLINOIS
## SECOND DISTRICT

### CERTIFICATE OF SERVICE BY e-MAIL and MAIL

March 10, 2021 George H. Olsen certifies pursuant to 735 ILCS 5/1-109 that I served this Notice of Appeal by e-mailing a copy to each person to whom it is directed at the following email address.

> Neal, Gerber & Eisenberg LLP
> Karl R. Barnickol
> Collette A. Woghiren
> 2 N. LaSalle Street
> Suite 1700
> Chicago, IL 60602
> kbarnickol@nge.com
> cwoghiren@nge.com

March 10, 2021 George H. Olsen further certifies pursuant to 735 ILCS 5/1-109 that I served this Notice of Appeal by mailing a copy by First Class USPS at Flossmoor, Illinois before 5:00 p.m. to each person to whom it is directed at the following mailing address.

> Michael J. Kelly
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, IL 60604

> /s/ George H. Olsen
> George H. Olsen

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Notice and Certificate of Service are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

> /s/ George H. Olsen
> George H. Olsen

3

Kane County Circuit Court    THOMAS M. HARTWELL    ACCEPTED: 7/31/2020 2:22 PM    By: LB    Env #9959514

## IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
## KANE COUNTY – GENEVA, ILLINOIS

Beal Bank USA,

<div style="margin-left:2em">Plaintiff,</div>

<div style="margin-left:4em">v.</div>

Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell;
Christopher T. Swift aka Christopher Swift aka Chris T.
Swift aka Chris R. Swift aka Christ Swift; Windemere
Homeowners Association; Mortgage Electronic
Registration Systems, Inc.; Ditech Financial LLC; The
United States of America; State of Illinois, Department
of Revenue; Unknown Owners and Non-Record
Claimants,

<div style="margin-left:4em">Defendants.</div>

Case No. 16 CH 593

Property Address: 601 Sennett
Street, Batavia, Illinois 60510

*Thomas M. Hartwell*
Clerk of the Circuit Court
Kane County, Illinois

**7/31/2020 2:00 PM**

FILED/IMAGED

### PROOF OF SERVICE

TO:    *See Attached Service List*

Collette A. Woghiren, an attorney, hereby certifies that she caused a copy of
**JUDGMENT OF FORECLOSURE AND SALE** to be served on behalf of Beal Bank, USA to
the parties at the address listed in the attached Service List, by depositing the same in the U.S.
Mail, with proper postage prepaid at 2 North LaSalle Street, Chicago, Illinois 60602 on July 30,
2020 before 5:00 p.m.

.

<div style="margin-left:20em">BEAL BANK USA</div>

<div style="margin-left:20em">By: _____<u>s/ Collette A. Woghiren</u>_____<br>One of its Attorneys</div>

Karl R. Barnickol
Collette A. Woghiren
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street. Suite 1700
Chicago, Illinois 60602
(312) 269-8000
FAX: (312) 269-1747

Dated: July 31, 2020

## SERVICE LIST

| | |
|---|---|
| Christopher T. Swift<br>601 Sennett Street<br>Batavia, Illinois 60510 | Marcia A. Swift<br>601 Sennett Street<br>Batavia, Illinois 60510 |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604 | |

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY – GENEVA, ILLINOIS

Beal Bank USA,

Plaintiff,

v.

Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell;
Christopher T. Swift aka Christopher Swift aka Chris T.
Swift aka Chris R. Swift aka Christ Swift; Windemere
Homeowners Association; Mortgage Electronic
Registration Systems, Inc.; Ditech Financial LLC; The
United States of America; State of Illinois, Department
of Revenue; Unknown Owners and Non-Record
Claimants,

Defendants.

Case No. 16 CH 593

Property Address: 601 Sennett
Street, Batavia, Illinois 60510

*Thomas M. Hartwell*
Clerk of the Circuit Court
Kane County, Illinois

Jul 30, 2020
Cicval

FILED/IMAGED

## JUDGMENT OF FORECLOSURE AND SALE

This matter coming to be heard upon Plaintiff's Beal Bank USA Motion for Summary
Judgment on its Second Amended Verified Complaint to Foreclose Mortgage (the "Complaint")
and Defendants Marcia Swift's and Christopher Swift's (together "Swifts") First Amended
Verified Answer, Affirmative Defenses and Counterclaims, in their respective entirety; the Court
having jurisdiction over all of the parties hereto and the subject matter presented herein; it
appearing to the Court that due notice of the presentation of this Judgment has been given to all
parties entitled thereto; and the Court being fully advised in the premises, including the following:

(a)    The Plaintiff filed the Complaint against Marcia A. Swift, aka Marcia Swift, aka
Marcia A. Jewell; Christopher T. Swift, aka Christopher Swift, aka Chris T. Swift, aka Chris R.
Swift, aka Christ Swift ("Mortgagors"); Windemere Homeowners Association; Mortgage
Electronic Registration Systems, Inc.; Ditech Financial LLC; The United States of America; State
of Illinois, Department of Revenue; Unknown Owners and Non-Record Claimants;

    **(b)**    All of the foregoing named defendants (*i.e.*, not Unknown Owners and Non-Record Claimants) were served by the proper County Sheriff or a duly-appointed special process server, and the Affidavits were duly filed that were required to make Unknown Owners and Non-Record Claimants parties to this action, and such persons have been duly and regularly made parties to this action in a manner provided by law;

    **(c)**    Defendants Windemere Homeowners Association, Mortgage Electronic Registration Systems, Inc., Ditech Financial LLC, State of Illinois, Department of Revenue and Unknown Owners and Non-Record Claimants have failed to appear and/or plead to the Complaint within the time required by law; and

    **(d)**    The United States of America filed an Appearance and Conditional Waiver in which it, among other things, "agreed that the property may be sold free and clear" of its inferior lien. (*See* Appearance and Conditional Waiver, filed on June 27, 2016).

### THE COURT MAKES THE FOLLOWING FINDINGS:

    1.    The Court finds that good cause exists to grant Plaintiff's Motion for Summary Judgment in its entirety. For the reasons stated on the record, Plaintiff has established the *prima facie* elements of its claim and the arguments in support of its motion are meritorious. In contrast, there is no merit to either the Swifts' alleged affirmative defenses or their counterclaims against Plaintiff, which are spurious, unfounded, unsupported and based on mere speculation. As Plaintiff Beal Bank, USA is the holder of the Note attached as Exhibit B to the Complaint and Marcia Swift admitted to signing the Note during her deposition, there are no substantive issues of material fact that are controverted or in dispute. Accordingly, summary judgment is appropriate and granted in favor of Plaintiff and against the Swifts on all claims, affirmative defenses and counterclaims.

2.  Defendants, the Swifts, are not entitled to a continuance of the hearing on Plaintiff's Motion for Summary Judgment.

3.  Attorney George H. Olson's motion for leave to file his appearance in advance of the hearing on Plaintiff's Motion for Summary Judgment is denied because it would serve to unreasonably delay the proceedings, and the justifications for allowing the appearance in advance of the hearing offered by Mr. Olson and the Swifts on the record have already been litigated and rejected by the Court or waived.

4.  Mr. Olson is given leave to appear on behalf of the Swifts after entry of this Order, and may file a post-judgment motion(s) warranted by the facts in evidence and the law.

5.  The Court finds that the material allegations in Plaintiff's Complaint are true and proven to the extent as hereinafter set forth. The lien was created by the Mortgage dated January 26, 2007 and attached as Exhibit A to the Complaint (the "Mortgage") and the Note dated January 26, 2007 and attached as Exhibit B to the Complaint (the "Note"). The Swifts did not make any payments on the Note after September 1, 2008. The Note and the Mortgage were assigned to Beal Bank, USA by instrument recorded March 13, 2013 as document 2013K019280 and attached as Exhibit C to the Complaint. Exhibits A, B and C are admitted into evidence. As of January 13, 2020, the Plaintiff Beal Bank USA has a valid and existing first lien on the property described hereafter for the following amounts:

| Principal Balance | $449,500 |
|---|---|
| Accrued Interest (as of January 13, 2020) | $322,701.85 |
| Property Tax and Insurance Disbursements (as of January 13, 2020) | $143,862.23 |
| Late Fees (as of January 13, 2020) | $1,287.60 |
| Recoverable Costs (as of January 13, 2020) | $25,204.95 |

| Total (as of January 13, 2020) | $942,556.63 |
|---|---|

6.     In addition to the express allegations of Plaintiff's Complaint, all of the deemed included allegations provided by 735 ILCS 5/15-1504 are also proved and no further evidence of these allegations is required.

7.     The findings in paragraph 5 hereinabove are supported by the requisite affidavits filed under 735 ILCS 5/15-1506 and attached as Exhibit 8 to Plaintiff's Statement of Undisputed facts in Support of Its Motion for Summary Judgment.

8.     The Court specifically finds that Plaintiff's Mortgage constitutes a valid lien on the mortgage real estate, which lien is prior and superior to any potential right, title, interest, claim, or lien of the defendants, or those who claim under them, whose interest in the mortgaged real estate is terminated by this foreclosure.

9.     Plaintiff is entitled to add to its mortgage balance such additional attorneys' fees and costs as may be incurred in completing this foreclosure action, as may be allowed by further order of this Court, all of which are fair, reasonable, and proper and shall be added to and become part of the indebtedness due to Plaintiff.

10.     Plaintiff is entitled to foreclose the Mortgage and obtain a judgment of foreclosure as requested in the Complaint including judgment in the amounts stated in paragraph 5 above, together with interest thereon at the statutory rate after the entry of this judgment plus all costs, fees, and expenses not included in the total of the balance due.

11.     Defendants Unknown Owners and Non-Record Claimants are found and declared to have no interest in the property, as they have offered no evidence of their interest.

12.     Defendant United States of America has valid and existing liens by virtue of its Notice of Federal Tax Lien recorded on June 11, 2007 as document no. 2007K061752 in favor of

The United States of America, Department of Treasury against Christopher T. & Marcia A. Swift in the amount of $24,770.32; and its Notice of Federal Tax Lien recorded and recorded April 15, 2013 as document no. 2013K027822 in favor of The United States of America, Department of Treasury against Christopher T. & Marcia A. Swift in the amount of $32,070.49.

13. All right, title and interest of any and all of the defendants, and those who claim under them, is subordinate, inferior, and subject to Plaintiff's interest.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. A Judgment of Foreclosure is hereby entered in favor of Plaintiff and against all Defendants.

2. Mortgagors Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell and Christopher T. Swift aka Christopher Swift aka Chris T. Swift aka Chris R. Swift aka Christ Swift are liable, jointly and severally, for any deficiency, in which case a personal judgment shall be entered against them in accordance with 735 ILCS 5/15-1508(e).

3. The Mortgagor's redemption period shall expire on October 20, 2020. The United States of America's right of redemption under 28 U.S.C. 2410(b) shall expire 120 days after judicial sale.

4. The Mortgage described in the Complaint appears of record in the Office of the Recorder of Kane County, Illinois as Document No. 2007K018917, and the property herein referred to and directed to be sold is described in **Exhibit A**, attached hereto and incorporated as if fully set forth herein.

**IT IS FURTHER ORDERED AND ADJUDGED** the subject real estate is ordered to be sold pursuant to 735 ILCS 5/15-1507. The Judicial Sale to be conducted pursuant to this Judgment of Foreclosure and Sale shall be by public auction. The opening bid shall be a verbal or written

bid provided by the Plaintiff and conducted by the Sherriff for Kane County or other Selling Officers as appointed by the Court and shall be conducted in full compliance with the statutory requirements contained in 735 ILCS 5/15-1507. In the event that Plaintiff fails to provide the Sheriff for Kane County or other Selling Officer as appointed by the Court with its initial bid, then the Sheriff for Kane County or other Selling Officer as appointed by the Court shall continue the sale to a date as mutually agreed upon by the Sheriff for Kane County or other Selling Officer as appointed by the Court and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated. The real estate shall be sold for cash or certified funds to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff. The sale terms are 10% down in cash or certified funds and the remaining balance is due within 24 hours also in certified funds. Any purchaser at the Judicial Sale takes subject to any and all liens, encumbrances, and any existing defects in title. The Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances, or title defects nor makes any warranties, either express or implied, by virtue of the Judicial Sale.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff, or such other party designated by the Court, give public notice of the time, place and terms of said sale by publishing the same at least once in each week for three consecutive weeks in (A) a secular newspaper of general circulation published in the County of Kane, State of Illinois, in that section of the newspaper where legal notices are commonly placed and (B) also in a separate secular newspaper published in Batavia, Illinois in that section of the newspaper in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the public; the first publications in these two newspapers to be not more than forty-five (45) days prior to the sale, and

- 6 -

the last publications not less than seven (7) days before the date of said sale; that said Sheriff in his discretion for good cause shown may adjourn said sale from time to time by appearing, and notifying all parties present of the date and time of such continuance, without further publications; that Plaintiff, or any of the parties to this cause, may become the purchaser or purchasers at such sale; that upon such sale being made, said Sheriff shall execute and deliver to the purchaser or purchasers a Certificate or Certificates of Sale and record in duplicate thereof as required by law. The person named in the notice of sale to be contacted for information about the real estate may, but shall not be required to, provide additional information other than that set forth in the Notice of Sale.

     **IT IS FURTHER ORDERED AND ADJUDGED** that said Sheriff, or the person conducting the sale, upon making such sale, shall with all convenient speed report the same to the court for its approval and confirmation, and he shall likewise report the distribution of the proceeds of sale and his acts and doings in connection therewith and out of the proceeds of such sale, he shall make distribution in the following order of priority:

    a) To the Sheriff for his fees, disbursements and commissions on such sale;

    b) To Plaintiff, the sum of the principal balance, and the accrued interest and other costs mentioned in paragraph 5 of this Judgment with interest thereon at the lawful rate, together with all costs taxed herein, and allowed attorneys' fees and expenses mentioned in paragraph 10 of this Judgment; and

    c) To Defendant United States of America, as junior lienholder, any excess proceeds up to the amount of its secured interest, as set forth in paragraph 12.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Sheriff take receipts from the respective parties to whom he may have made payments as aforesaid, and file the same with his Report of Sale and distribution in this Court; that, if after the payments of all the foregoing items, there shall be a remainder, he shall immediately turn over the surplus funds to the Clerk of the Court, and that if there be not sufficient funds to pay in full the amounts found due herein, he specify the amount of the deficiency in his Report of Sale. Upon motion and notice in accordance with court rules applicable to motions generally, the court shall conduct a hearing to confirm the sale pursuant to 735 ILCS 5/15-1508. The Plaintiff, or such other party designated by this Court, shall send notice of such hearing.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court gained jurisdiction over all party Defendants to the Foreclosure as required by law; and that the Defendants, together with all persons claiming under Defendants or any of them since the commencement of this suit, are forever barred and foreclosed of and from all rights and equities of redemption or claim of, in and to said premises or any part thereof following the conclusion of the Sheriff's Sale. Upon production to the Sheriff or his successor of said Certificate or Certificates of Sale by the legal holder thereof, said Sheriff shall execute and deliver to him a good and sufficient Deed of Conveyance of said Sheriff's Deed of Conveyance or his or her legal representatives or assigns, be let in to possession of said premises, and that any of the parties to this cause who shall be in possession of said premises or any portion thereof  shall upon the production of said Sheriff's Deed of Conveyance, surrender possession of said premises to said grantee or grantees, his or her representatives or assigns, and in default of so doing, a Writ of Assistance shall issue.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and Plaintiff shall mail a copy of this judgment to the last known addresses of the Mortgagors within seven (7) days. This matter is set for status on November 5, 2020 at 9:00 a.m. room 320.

Busch, Kevin
Jul 29 2020 8:41 AM

DocuSign

DATED: July _____, 2020          ENTER: _____

_Prepared by_:
Collette A. Woghiren
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
Firm ID 13739
cwoghiren@nge.com

**EXHIBIT A**
(REAL PROPERTY DESCRIPTION)

LOT 60 IN WINDEMERE, PHASE 3 BEING A SUBDIVISION OF THE SOUTHWEST QUARTER OF SECTION 17, TOWNSHIP 39 NORTH, RANGE 8, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 15, 2004 AS DOCUMENT NO. 2004K008420, IN KANE COUNTY, ILLINOIS

Common Address: 601 Sennett Street, Batavia, Illinois 60510

P.I.N.: 12-17-325-010

Kane County Circuit Court   THERESA E. BARREIRO   ACCEPTED: 2/11/2021 9:50 AM   By: DQ   Env #12165711

## IN THE CIRCUIT COURT OF THE 16ᵀᴴ JUDICIAL CIRCUIT
## KANE COUNTY – GENEVA, ILLINOIS

Beal Bank USA,

        Plaintiff,

        v.

Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell;
Christopher T. Swift aka Christopher Swift aka Chris T.
Swift aka Chris R. Swift aka Christ Swift; Windemere
Homeowners Association; Mortgage Electronic
Registration Systems, Inc.; Ditech Financial LLC; The
United States of America; State of Illinois, Department
of Revenue; Unknown Owners and Non-Record
Claimants,

        Defendants.

Case No. 16 CH 593

Property Address: 601 Sennett
Street, Batavia, Illinois 60510

Clerk of the Circuit Court
Kane County, Illinois

**2/10/2021 10:35 AM**

FILED/IMAGED

## PROOF OF SERVICE

TO:   ***See Attached Service List***

Collette A. Woghiren, an attorney, hereby certifies that she caused a copy of **ORDER
APPROVING REPORT OF SALE AND DISTRIBUTION, CONFIRMING SALE AND
ORDER OF POSSESSION** to be served on behalf of Beal Bank, USA to the parties at the
address listed in the attached Service List, by depositing the same in the U.S. Mail, with proper
postage prepaid at 2 North LaSalle Street, Chicago, Illinois 60602 on February 10, 2021 before
5:00 p.m.

        BEAL BANK USA

        By: _____ */s/ Collette A. Woghiren* _____
                 One of its Attorneys

Karl R. Barnickol
Collette A. Woghiren
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois  60602
(312) 269-8000
FAX:  (312) 269-1747

Dated:  February 10, 2021

## SERVICE LIST

| | |
|---|---|
| Christopher T. Swift<br>601 Sennett Street<br>Batavia, Illinois 60510 | Marcia A. Swift<br>601 Sennett Street<br>Batavia, Illinois 60510 |
| Michael J. Kelly<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604 | George H. Olsen<br>Law Office of George H. Olsen<br>PO Box 576<br>Flossmoor, IL 60422 |

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY - GENEVA, ILLINOIS

Beal Bank USA,

                        Plaintiff,

                v.

Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell;
Christopher T. Swift aka Christopher Swift aka Chris T.
Swift aka Chris R. Swift aka Chris Swift; Windemere
Homeowners    Association;    Mortgage    Electronic
Registration Systems, Inc.; Ditech Financial LLC; The
United States of America; State of Illinois, Department
of Revenue; Unknown Owners and Non-Record
Claimants,

                        Defendants.

Case No. 16 CH 593

Property Address: 601 Sennett
Street, Batavia, Illinois 60510

### ORDER APPROVING REPORT OF SALE AND
### DISTRIBUTION, CONFIRMING SALE AND ORDER OF POSSESSION

This matter coming to be heard on the motion of Plaintiff, Beal Bank USA, by its attorneys, Neal, Gerber & Eisenberg, LLP, and on the Report of Ron Hain, Sheriff of Kane County, IL hereto appointed to make sale of the real estate in question in this matter to satisfy the judgment entered herein on July 29, 2020, this Court reviewing the Report of Sale and Distribution showing the proceedings of the Sheriff under said judgment, and the distribution of the proceeds derived from said sale, due notice having been served, no cause to the contrary having been show, and the Court being duly advised in the premises,

**THE COURT HEREBY FINDS:**

That all notices required by 735 ILCS 5/15-1507(c) have been properly given;

That said Sheriff has in every respect proceeded in due form of law and in accordance with the terms of said judgment; that the period of redemption expired without redemption having been made and the period of reinstatement expired without reinstatement being made; that said sale was fairly and properly made; that the proceeds derived therefrom properly distributed; and that the Plaintiff is entitled to a Sheriff's Deed of Conveyance and possession of said premises;

That the property described as:

LEGAL DESCRIPTION: LOT 60 IN WINDEMERE, PHASE 3 BEING A SUBDIVISION OF THE SOUTHWEST QUARTER OF SECTION 17, TOWNSHIP 39 NORTH, RANGE 8, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 15, 2004 AS DOCUMENT NO. 2004K008420, IN KANE COUNTY, ILLINOIS

COMMONLY KNOWN AS: 601 Sennett Street, Batavia, Illinois 60510

P.I.N.: 12-17-325-010

consists of a residential home;

That defendants Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell and Christopher T. Swift aka Christopher Swift aka Chris T. Swift aka Chris R. Swift aka Chris Swift were personally named in the Second Amended Verified Complaint;

That justice was done.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

1.      The sale of the premises involved herein and the Report of Sale and Distribution filed by the Sales Officer are hereby approved, ratified, and confirmed;

2.      That the proceeds of the sale be distributed in accordance with the Report of Sale and Distribution.

3.      That the Plaintiff's fees and costs arising between the entry of the Judgment of Foreclosure and Sale and the date of the sale are approved;

4.      That the Plaintiff is awarded a deficiency judgment against Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell and Christopher T. Swift aka Christopher Swift aka Chris T. Swift aka Chris R. Swift aka Chris Swift in the amount of $464,636.00; and

5.      That upon request by the successful bidder or its assigns and provided that all required payments have been made pursuant to 735 ILCS 5/15-1509, the Selling Officer shall execute and deliver to the successful bidder or assignee a deed sufficient to convey title.

**IT IS FURTHER ORDERED:**

6.      That the successful bidder, or its assigns, is entitled to and shall have possession of the subject property as of a date 30 days after entry of this Order, without further order of the Court, as provided by 735 ILCS 5/15-1701;

7.      That in the event possession is withheld after thirty (30) days, that the Sheriff of Kane County is directed to evict and dispossess, Marcia A. Swift aka Marcia Swift aka Marcia A. Jewell and Christopher T. Swift aka Christopher Swift aka Chris T. Swift aka Chris R. Swift aka Chris Swift from the subject premises, commonly known as: 601 Sennett Street, Batavia, Illinois 60510.

**IT IS FURTHER ORDERED** that the Deed to be issued hereunder is a transaction that is exempt from all transfer taxes, either state or local, and the County Recorder of Deeds is ordered to permit immediate recordation of the Deed issued hereunder without affixing any transfer stamps. 735 ILCS 5/9-117 is not applicable to this Order. There is no just cause for delay in the enforcement of or appeal from this order.

Busch, Kevin
Feb 9 2021 3:52 PM

ENTER:                                           DocuSign

_____
JUDGE

DATE:

_____

*Prepared by:*
Collette A. Woghiren
Neal, Gerber & Eisenberg, LLP
2 N. LaSalle Street, Suite 1700
Chicago, IL 60602
(312) 269-8000